WILSON TURNER KOSMO LLP
MICHAEL S. KALT (173228)
KRYSTAL N. WEAVER (286930)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:  (619) 236-9669
E-mail:  mkalt@wilsonturnerkosmo.com
E-mail:  kweaver@wilsonturnerkosmo.com

Attorneys for Defendant
ORTHONET WEST, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LATOYA FONTENOT, an individual; | Case No. 2:19-CV-4898 |
| Plaintiff, | **DEFENDANT ORTHONET WEST, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332(a) AND 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)** |
| v. | |
| ORTHONET WEST, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | District Judge: Courtroom: |
| | Magistrate Judge: Courtroom: |
| | Complaint Filed:  May 1, 2019 |
| | Trial Date:  Not Set |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant OrthoNet West, Inc. ("OrthoNet") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  OrthoNet sets forth the following facts in support of its Notice of Removal:

/ / /

-1-                              Case No. 2:19-CV-4898

## I.   THE REMOVED CASE

1.     On May 1, 2019, an action was commenced in the Superior Court for the State of California, County of Los Angeles, entitled *Latoya Fontenot v. Orthonet West, Inc., et al.*, Case No. 19STCV15193.

2.     The Complaint alleges the following causes of action against OrthoNet: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of the FEHA; (3) failure to engage in the interactive process in violation of the FEHA; (4) failure to take all reasonable steps necessary to prevent discrimination in violation of the FEHA; (5) retaliation under FEHA & the California Family Rights Act ("CFRA"); and (6) wrongful termination.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Krystal N. Weaver ("Weaver Declaration").

3.     On May 6, 2019, Plaintiff served OrthoNet, through its registered agent for service of process, with the Summons and Complaint.  A true and correct copy of the service of process transmittal is attached as **Exhibit B** to the Weaver Declaration.

4.     This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and may be removed to this Court by OrthoNet pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and it appears on the face of the Complaint that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

## II.   COMPLETE DIVERSITY EXISTS

6.     At the time of the filing of this Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as Plaintiff alleges she is,

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)

and "at all relevant times herein mentioned, was an individual residing in the County of Los Angeles, State of California."  (Compl., Ex. A, at ¶ 1.)

7.      For diversity purposes, an individual is a "citizen" of the state where he or she is domiciled.  *Barrera v. W. United Ins. Co.*, 567 F. App' x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary." (*quoting Anderson v. Watt*, 138 U.S. 694, 706 (1891)); *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951) (" Proof of residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof"  for purposes of diversity jurisdiction).  Accordingly, Plaintiff is a citizen of California for the purpose of diversity jurisdiction.

8.      Plaintiff alleges she was employed by OrthoNet as a Provider Service Representative.  (Compl., Ex. A, at ¶¶ 6-7.)

9.      For diversity purposes, a corporation is a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business."  28 U.S.C. § 1331(c)(1); *Davis v. HSBC Bank Nevada, NA.,* 557 F.3d 1026, 1028 (9th Cir. 2009).

10.     The U.S. Supreme Court held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 599 U.S. 77, 78 (2010).  The Supreme Court noted that "in practice[,]" the nerve center will "normally be the place where the corporation maintains its headquarters." *Id.* at 93.

11.     At the time this action was commenced, OrthoNet was, and still is, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in White Plains, New York.  OrthoNet is not, and has never been, a citizen of the State of California.  (Secretary of State Printout, **Exhibit C** to the Weaver Declaration.)

-3-                    Case No. 2:19-CV-4898

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)

12.     The Complaint also names defendant Does 1 through 10.  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the "Doe" defendants is disregarded for removal purposes.  Thus, complete diversity exists between the parties.

## III.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISIFED

13.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Plaintiff's Complaint seeks past and future lost income and benefits, as well as medical expenses and damages related to ongoing emotional distress.  (Compl., Ex. A, at ¶¶ 14, 24, 33, 40, 47, 54; Prayer for Relief, Ex. A, at p. 10.)  Plaintiff also seeks attorneys' fees and punitive damages.  (*Id*. at ¶¶ 15-16, 25-26, 34-35, 41-42, 48, 55-56, Cause for Punitive Damages, Ex. A at p. 10, Prayer for Relief, Ex. A, at p. 10.)

14.     With respect to past lost wages, Plaintiff alleges she was terminated on July 17, 2018.  (Compl., Ex. A, at ¶ 7.)  At the time of her termination, Plaintiff earned $16.35 per hour and worked approximately 40 hours per week (amounting to $654 per week).  (Declaration of Tammy Pastor ("Pastor Declaration"    4.)  By extrapolating her weekly pay rate of approximately $654 from July 17, 2018 through the date of this Removal (about 46 weeks), Plaintiff is potentially seeking approximately $30,084 in past lost wages alone (not including alleged lost benefits or future lost wages).  *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002) (stating district courts rely on the general rule that lost wages in a wrongful termination case may reasonably be calculated from the date of termination to the date of removal).

15.     In addition, Plaintiff's Complaint seeks future lost income, alleging a loss of "career opportunities."  (Compl., Ex. A, at ¶¶ 14, 24, 33, 40, 47, 54.)  Thus, her future lost earnings should be included in a determination of lost wages.  *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or

-4-                          Case No. 2:19-CV-4898

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)

attorneys [sic] fees likely to be incurred cannot be estimated at the time of removal."); *Broglie v. MacKay-Smith*, 541 F.2d 453, 455 (4th Cir. 1976) (including future damages because complaint "necessarily implied" that damages would "continue to mount until the time of trial."). Even if trial is set in this matter one year from the time the Complaint was filed, or 48 weeks from the date of Removal—which would be ambitious given that the current Case Management Conference in state court is set for August 6, 2019 (*see* **Exhibit D** to the Weaver Declaration)—Plaintiff would allegedly incur an additional $31,392 in damages. Thus, if trial is set for May 2020, Plaintiff will have potentially incurred $61,476 in lost wages (excluding any pay raises or benefits). *See Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO), 2011 WL 1459155, **3-5 (E.D. Cal. Apr. 15, 2011), Report and Recommendation adopted in full at No. 1:11-CV-00381 LJO, 2011 WL 1739913 (May 4, 2011), (amount in controversy met in disability discrimination and wrongful termination case where plaintiff's lost wages at time of removal were roughly $10,500).

16.     Plaintiff also seeks emotional distress damages allegedly stemming from her discrimination and termination. (Compl., Ex. A, at ¶¶ 14, 24, 33, 40, 47, 54.) Specifically, Plaintiff alleges that OrthoNet's acts caused "emotional distress, depression, anxiety, embarrassment, anger, humiliation, loss of enjoyment of life, and severe emotional distress." (*Id*.) A court may consider that emotional distress damages "are potentially substantial" despite "[t]he vagueness of plaintiffs' pleadings." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995); *see also, Simmons*, 209 F.Supp.2d at 1034 ("[E]motional distress damages in a successful employment discrimination case may be substantial.").

17.     Plaintiff also seeks punitive damages, claiming that OrthoNet's actions were "despicable, oppressive, fraudulent, malicious, deliberate, egregious and inexcusable . . . and in conscious disregard for the rights and safety of Plaintiff . . . ." (*See, e.g.,* Compl., Ex. A, at ¶ 15.) Punitive damages may be included in the amount

-5-                                         Case No. 2:19-CV-4898

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)

in controversy when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001) (finding the amount in controversy may include punitive damages when recoverable as a matter of law); *Simmons*, 209 F.Supp.2d at 1033. The FEHA, under which Plaintiff brings most of her claims, authorizes punitive damages. Cal. Gov't Code § 12940. If Plaintiff prevails on her claim for punitive damages, those damages alone could exceed $75,000. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009) (affirming $1,905,000 punitive damages award in FEHA disability discrimination and harassment case).

18.     Finally, Plaintiff seeks attorneys' fees and costs. (Compl., Ex. A at ¶¶ 15-16, 25-26, 34-35, 41-42, 48, 55-56, Prayer for Relief, Ex. A, at p. 10.) Such fees and costs are properly included in the computation of the amount of controversy if the substantive law of the forum state allows the plaintiff to recover such fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Under the FEHA, attorneys' fees are generally recoverable as a matter of right by a prevailing plaintiff. Cal. Gov't Code § 12965(b). And, notably, the recoverable attorneys' fees include "a reasonable estimate of fees likely to be incurred to resolution" of the case. *Brady*, 243 F.Supp.2d at 1011; *see also Simmons*, 209 F.Supp.2d at 1034-35 ("[Attorneys'] fees necessarily accrue until the action is resolved. Thus the Ninth Circuit must have anticipated that district courts would project fees beyond removal.") These cases recognize the amount of work involved in litigation, and FEHA discrimination cases in particular. *Brady*, 243 F.Supp.2d at 1011 ("It is a rare occurrence that a plaintiff succeeds in obtaining all he or she seeks simply by filing a complaint. In reality, resources, often substantial, will have to be devoted by the parties before the lawsuit is resolved."); *Simmons*, 209 F.Supp.2d at 1035 (litigating a discrimination claim "will undoubtedly require substantial effort from counsel" and noting that "in [the court's] twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.")

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)

19. Thus, taken together—the damages from lost wages, emotional distress, punitive damages, and attorneys' fees—Plaintiff seeks damages well in excess of the $75,000 threshold based on the face of the Complaint.

### IV. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

20. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

21. Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

22. OrthoNet filed its Answer to Plaintiff's Complaint in Los Angeles County Superior Court on June 4, 2019. A true and correct copy of OrthoNet's Answer is attached hereto as **Exhibit E** to the Weaver Declaration.

23. A true and correct copy of all other process, pleadings, and orders served in this action at the time of this removal and known to OrthoNet are attached as **Exhibit F** to the Weaver Declaration. Pursuant to 28 U.S.C. § 1446(a), and to the best of OrthoNet's knowledge, Exhibits A, B, D, E and F constitute all the process, pleadings, and orders served in this action at the time of this removal.

24. Counsel for OrthoNet certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice to counsel for Plaintiff.

### V. CONCLUSION

25. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and the State Action may be removed to this Court under 28 U.S.C. § 1441(b).

26. If any question arises as to the propriety of the removal of this action, OrthoNet requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

-7-                          Case No. 2:19-CV-4898

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)

27.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of OrthoNet's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

Dated:    June 5. 2019                    **WILSON TURNER KOSMO LLP**


By:    /s/ Krystal N. Weaver
           MICHAEL S. KALT
           KRYSTAL N. WEAVER
           Attorneys for Defendant
           ORTHONET WEST. INC.

-8-                    Case No. 2:19-CV-4898

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION)