WILSON TURNER KOSMO LLP
MICHAEL S. KALT (173228)
VIVIAN A. ADAME (317560)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mkalt@wilsonturnerkosmo.com
E-mail: vadame@wilsonturnerkosmo.com

Attorneys for Defendant
ORTHONET WEST, INC.

SHIRAZI LAW FIRM
EMANUEL S. SHIRAZI
1875 Century Park East, Suite 1025
Los Angeles, CA 90067
Telephone: (310) 400-5891
Facsimile: (888) 908-7359
E-mail: emanuel@shirazilawfirm.com

Counsel for Plaintiff LATOYA FONTENOT

NOTE: CHANGES MADE BY THE COURT

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LATOYA FONTENOT, an individual;<br><br>Plaintiff,<br><br>v.<br><br>ORTHONET WEST, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:19-CV-04898 DMG (JPR)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: May 1, 2019<br><br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C, 8th Floor<br><br>Magistrate: Hon. Jean P. Rosenbluth<br>Courtroom: 690, 6th Floor<br><br>Complaint Filed: May 1, 2019<br><br>Trial Date: September 22, 2020 |

The parties hereby stipulate as follows:

1. This Stipulated Protective Order ("Protective Order") shall govern the use and dissemination of all information, documents, and/or materials as may be produced by the parties and/or admitted into evidence during deposition or civil discovery or trial within the above-captioned action.

2. Discovery in this action may involve disclosure of medical records, psychiatric records, trade secrets, confidential research, development or commercial information, proprietary materials including manuals, policies and procedures, business strategies, financial data, client and vendor information, marketing plans, medical information pertaining to any party, confidential employee and salary information, confidential investigation files, computer software programs, and other confidential, proprietary or non-public business, technical, employee, and financial information. This Protective Order shall govern the production in this action of all documents or other information through formal and informal discovery procedures, including, without limitation, documents in written or electronic form produced in response to third-party discovery requests, requests for production of documents, answers to interrogatories and deposition or other oral testimony (collectively "Discovery Materials"). This may include but shall not be limited to correspondence, memoranda, notes, deposition transcripts and exhibits, business plans, training materials, policies and procedures, financial records, personnel records, marketing materials, third-party contracts, sales invoices, inventory materials, and other information concerning all parties and third parties involved in this litigation.

3. This Protective Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process and protecting the privacy rights of litigants involved in this matter. Nothing in this Protective Order nor the production of any information or documents under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an

-2-    Case No. 2:19-CV-04898 DMG (JPR)
STIPULATED PROTECTIVE ORDER

admission or waiver by either party on the merits of this action.

4. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of any information in its own documents and materials.

## **CONFIDENTIAL INFORMATION**

5. Any document, thing, material, testimony, or other information derived therefrom, and any other form of evidence which, in the good-faith opinion of the party providing such discovery material ("Producing Party"), contains any medical information, psychiatric records, trade secret or other confidential commercial or proprietary information or any information that involves privacy concerns regarding any third party, any party or the employee, officer, director or representative of a party may be designated by the Producing Party as "Confidential Information." Confidential Information, designated as such in accordance with this Protective Order, shall be used by the party who has propounded the discovery request seeking the Confidential Information ("Requesting Party") only for the purposes of preparation of this matter for trial and may be disclosed or made available only to persons specified in paragraph 7 herein.

6. Confidential Information may be identified and made subject to this Protective Order as follows:

(a) with respect to medical or psychiatric records, notes or billing, all such information shall automatically be deemed and treated as confidential by the undersigned parties without need or requirement of designation or marking on any such document. However, for medical records produced in response to third-party subpoenas, such records shall automatically be deemed and treated as "Confidential Attorneys' Eyes Only" until the parties meet and confer to determine whether such designation may be converted to a "Confidential" designation.

(b) with respect to documents or copies of documents provided by one party to the other, by marking the initial page and any page or pages upon which any Confidential Information appears with the legend "CONFIDENTIAL."

(c) testimony or information disclosed at a deposition, may be designated by a party as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Protective Order. Alternatively, a party may designate testimony or information disclosed at a deposition as Confidential Information by notifying all parties in writing within fourteen (14) days of receipt of the transcript (or within a shorter time as agreed by the parties in the event the deposition transcript cannot be received fourteen (14) days prior to a hearing, conference, or trial at which a party intends to use the transcript or information), of the specific pages and lines of the transcripts that are to be designated Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

(d) tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "Confidential" or "Confidential: Protected by Stipulated Protective Order. Case No.: 2:19-CV-04898 DMG (JPR).

7. Confidential Information produced pursuant to this Protective Order to Requesting Party may be disclosed or made available by that party only to:

(a) the Requesting Party (and their officers, directors, managing agents or other representatives who are engaged in or are assisting in the preparation of this action for trial or other resolution, except as otherwise provided herein) provided that it has executed this Protective Order;

(b) the Court and any special master, referee or mediator authorized to act in this proceeding;

(c) counsel of record in this action and their employees or employee equivalents (e.g., contract paralegals, copy vendors, etc.) who are assisting counsel in the preparation of this action for trial or other resolution;

(d) independent experts or consultants retained by counsel or the Requesting Party with respect to preparation of this action for trial or other resolution, and their employees or employee equivalents who are assisting such experts or consultants with respect to the preparation of this action for trial or other resolution, provided they execute the declaration as provided for in paragraphs 10 and 11 below;

(e) court reporters and their staff, to the extent necessary to perform their duties;

(f) any deposition or hearing witness in the proceeding who previously has had access to the Confidential Information, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the Confidential Information;

(g) any deposition or non-trial hearing witness in the proceeding who previously did not have access to the Confidential Information; provided, however, that each such witness given access to Confidential Information shall be advised that such Confidential Information is being disclosed pursuant to, and is subject to, the terms of this Protective Order and that it may not be disclosed other than pursuant to the Protective Order's terms;

(h) mock jury participants, provided, however, that prior to the disclosure of Confidential Information to any such mock jury participant, counsel for the party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

(i) any other person that the Producing Party agrees to in writing.

## **ATTORNEYS' EYES ONLY**

8. Any Producing Party may further designate certain discovery material or testimony which contains medical records or billing, psychiatric records or billing, financial information regarding amounts or source of income, revenue, earnings,

profits, losses or expenditures, and/or corporate ownership information of a highly confidential and/or proprietary nature or employee information of a highly confidential or private nature such as employee disciplinary matters, salary information, customer information and/or other private information as "ATTORNEYS' EYES ONLY" in the manner described in paragraphs 1 through 6, above, except that the applicable legend for such information shall be: "CONFIDENTIAL: Attorneys Eyes Only." Attorneys' Eyes Only Information, and the information contained therein, shall be disclosed only to the Court, counsel for the Requesting Party (including the paralegal, clerical, and secretarial staff employed by such counsel) to the above-captioned litigation, and other persons identified in paragraphs 7(d) above but shall not be disclosed to the Requesting Party itself, or to an officer, director or employee of a party, unless otherwise agreed or ordered.

## **GENERAL PROVISIONS**

9. Material designated under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from designated Confidential Information or Attorneys' Eyes Only Information, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

10. As a condition precedent to disclosure of any Confidential or Attorneys' Eyes Only Information to any experts or consultants as provided for in paragraph 7(d) above must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; agree to use such information and materials solely for this litigation; agree not to disclose any such information or materials to any other person, firm, or concern; and agree never to use the information, directly or indirectly, in competition with the party that disclosed it nor allow any other person to do so.

11. Each expert or consultant to whom Confidential or Attorneys' Eyes Only Information is to be provided shall execute a declaration acknowledging the foregoing

-6-    Case No. 2:19-CV-04898 DMG (JPR)

STIPULATED PROTECTIVE ORDER

in the form set forth in Exhibit A. Counsel for the party obtaining a person's signature to Exhibit A shall retain the original signed and dated acknowledgment.

12. If any third party, court, or agency subpoenas or orders production of Confidential or Attorneys' Eyes Only Information that a party has obtained under the terms of this Protective Order such party shall, if there are fewer than ten (10) days to comply, within two (2) days, if possible, or immediately, if not, or if there are more than ten (10) days to comply, at least seven (7) court days prior to the due date for compliance, notify the Producing Party of the pendency of the subpoena (unless prohibited by law), public records request, or order, in writing, and shall not produce the designated information until the Producing Party has taken appropriate steps to protect the material. It shall be the responsibility of the Producing Party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the Producing Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.

13. Confidential or Attorneys' Eyes Only Information obtained from a Producing Party pursuant to pretrial discovery in this action, may be used and disclosed only for purposes of this action. No person or party shall make any other use of any such information, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by the Court or pursuant to Court order.

14. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like, designated as Confidential or Attorneys' Eyes Only Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, or admissibility of any such information, document or the like.

15. In the event that the Requesting Party objects to such Confidential or Attorneys' Eyes Only designation with respect to any or all of such items, said counsel shall advise counsel for the Producing Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The parties must comply fully with Local Rule 37. Pending a resolution of the Designation Request by the Court, any and all existing designations at issue in such Request shall remain in place. The Producing Party shall have the burden on any Designation Request of establishing the applicability of its "Confidential" or "Confidential – Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Request, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

16. The inadvertent or unintentional failure by a Producing Party to designate specific documents or materials as containing Confidential Information or Attorneys' Eyes Only Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

///

17. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

18. Upon written request by the designating party, made within thirty (30) days after the time for all possible appeals has expired and/or been exhausted, or after resolution of this case through settlement, the non-designating party shall certify in writing that all Confidential Information or Attorneys' Eyes Only Information obtained during litigation has been destroyed or discarded. However, unless otherwise agreed, outside counsel for each party may retain one (1) archival copy of Confidential Information or Attorneys' Eyes Only Information material, and this Protective Order shall remain in force with respect to such material.

19. This Protective Order shall apply to all Confidential Information or Attorneys' Eyes Only Information examined or produced prior to the signing of the Protective Order by the Court.

20. This Protective Order has been signed by the parties to facilitate discovery and production of relevant evidence in this action. Neither the entry into this Stipulation nor the designation of any information or document, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

21. The terms of this Protective Order shall be applicable to any third party who produced information, which is designated, by such third party or a party hereto pursuant to this Protective Order.

22. This Protective Order is without prejudice to the right of the parties to this litigation to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

23. The Court shall retain the right to enforce and resolve any concerns relating to the terms of this Protective Order for the duration of the trial proceedings. This agreement does not govern the use of confidential information at trial. The

parties must separately address such use with the presiding judicial officer at the appropriate time.

**THE UNDERSIGNED PARTIES THROUGH THEIR COUNSEL OF RECORD HEREBY AGREE TO BE BOUND BY THIS ORDER:**

Dated: September 9, 2019     **WILSON TURNER KOSMO LLP**

By: */s/ Michael S. Kalt*
MICHAEL S. KALT
VIVIAN A. ADAME
Attorneys for Defendant
ORTHONET WEST, INC.

Dated: September 9, 2019     **SHIRAZI LAW FIRM**

By: */s/ Emanuel S. Shirazi*
EMANUEL S. SHIRAZI
Attorney for Plaintiff
LATOYA FONTENOT

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.

By: */s/ Michael S. Kalt*
MICHAEL S. KALT

# ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED**.

Dated: September 9, 2019

_____
Hon. Jean P. Rosenbluth

# EXHIBIT A

AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Stipulated Protective Order entered in *LATOYA FONTENOT v. ORTHONET WEST, INC.,* Central District of California, Case No. 2:19-CV-04898 DMG (JPR). I hereby consent to the jurisdiction of said Court for purposes of enforcing this Stipulated Protective Order.

Date: _____

_____
Signature

_____
Print Name

_____
Title